# FEDERAL CASES.

## BOOK 10.

A COMPREHENSIVE COLLECTION OF DECISIONS OF THE CIRCUIT AND DISTRICT
COURTS OF THE UNITED STATES FROM THE EARLIEST TIMES TO THE
BEGINNING OF THE FEDERAL REPORTER. (1880,) ARRANGED
ALPHABETICALLY BY THE TITLES OF THE CASES.

N. B. Cases reported in this series are always cited herein by their numbers. The original citations can be found when desired through the table of cases.

---

### Case No. 5,240.

#### GAREY v. JOHNSON.

[2 Cranch, C. C. 107.] [1]

Circuit Court, District of Columbia. Dec.
Term, 1814.

BEATING SLAVE—TRESPASS VI ET ARMIS BY MASTER.

Trespass vi et armis, will lie for the master against one who beats his slave, although there should be no loss of service.

Trespass vi et armis for beating the plaintiff's slave.

THE COURT instructed the jury that the plaintiff might recover if the defendant unnecessarily, and without sufficient provocation, beat the plaintiff's slave, although the plaintiff did not prove any damage by loss of service.

---

### Case No. 5,241.

#### GAREY v. UNION BANK.

[3 Cranch, C. C. 91.] [1]

Circuit Court, District of Columbia. Dec.
Term, 1826.

DEPOSITIONS TAKEN BY COUNTY COMMISSIONER.

A "county commissioner," in the state of Illinois, is not authorized to take depositions under the judiciary act of September 24. 1789, § 30 [1 Stat. 73], to be used in the courts of the United States.

In equity.

Mr. Taylor, for defendants [the Union Bank of Georgetown], objected to a deposition. purporting to be taken de bene esse under the thirtieth section of the judiciary act of 1789, which authorizes such depositions to be taken "before any justice or judge of any

of the courts of the United States; or before any chancellor, justice, or judge of a supreme or superior court, mayor or chief magistrate of a city; or judge of a county court, or court of common pleas of any of the United States." The deposition was taken before a county commissioner of the state of Illinois, who is a judge of the county commissioners' court, which is a court of record composed of three judges, called county commissioners, who are elected by the people and hold their offices for the term of two years. They hold four sessions a year, and their jurisdiction extends to all matter concerning the county revenue, and the county tax. · They grant licenses for ferries and taverns, and other licenses. They have jurisdiction in all cases of roads, canals, toll-bridges, and many other cases appertaining to county government and police; and have power to issue all kinds of writs and processes necessary to the execution of their jurisdiction. 3 Griff. Law Reg. 412.

THE COURT (nem. con.). rejected the deposition, being of opinion that the county commissioners' court was not one of the courts described in Act Cong. Sept. 24, 1789, § 30 (1 Stat. 73).

---

### Case No. 5,241a.

#### GAREY v. UNION BANK.

[3 Cranch, C. C. 233.] [1]

Circuit Court, District of ·Columbia. Dec.
Term, 1827.[2]

BILLS AND NOTES — AGREEMENT WITH INDORSER
TO PROCEED AGAINST MAKER.

1. If the defendant. indorser of a promissory note, believing that he has a good defence at

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Affirmed in 5 Pet. (30 U. S.) 99.]